UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS DANIEL SWARTZ,

        Plaintiff,

v.                                      Case No. 05-72215
                                      Honorable Victoria A. Roberts

COMMISSIONER OF INTERNAL REVENUE, MARTHA
MOLNAR, DIANE VILLA, and GAIL MINAURO

        Defendants.
_____

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT
AND GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS**

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to File an Amended Complaint (Doc. #9) and Defendant's Motion to Dismiss (Doc. #8). For the reasons stated below, the Court **DENIES** Plaintiff's Motion to Amend the Complaint, **GRANTS** in part and **DENIES** in part Defendant's Motion to Dismiss and **DISMISSES** Defendants Martha Molnar, Diane Villa and Gail Minauro.

**II.    BACKGROUND**

This is an action arising from collection proceedings and the maintenance of records by the Internal Revenue Service (IRS). The IRS alleges the Plaintiff owes

1

federal income tax for 2001.  The IRS began collection proceedings against the Plaintiff.  The Plaintiff requested copies of agency documents showing the assessment against him.  The IRS responded on March 17, 2004 that it has "no record of an assessment made for identification number 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 for tax years 2000, 2001 and 2002." [Complaint, Exhibit B, p. 101][1].  Instead, the Plaintiff received his official Individual Master File ("IMF") for 2001.  The IMF is a computer system that records all tax data and related information for an individual, including notices that have been sent.  The Plaintiff claims there are errors in the computer codes in his IMF which resulted in erroneous collection proceeding notices and eventual collection proceedings.

On September 7, 2004 the IRS sent a "Final Notice: Notice of Intent to Levy and Notice of Your Right to a Hearing." [Complaint, Exhibit A19-A22]. On September 24, 2004, the Plaintiff made a timely request for a due process hearing[2].  The IRS responded on March 17, 2005, informing the Plaintiff that he could discuss by telephone conference or correspondence any challenges to the notice of tax lien.  The letter also stated that if the Plaintiff wished to have a face-to-face conference, he should write the IRS within 15 days from the date of the letter and describe the relevant issues the Plaintiff would like to discuss.

The Plaintiff claims that on April 1, 2005 he sent his own "administrative notice" to the IRS that he would like a face-to-face conference, but, that he would provide his

---

[1] It appears from the letter that the document requested by the Plaintiff, a "Summary Record of Assessment," is a listing of all assessments made in a particular time frame, it is not separated by taxpayer, so the IRS could not provide what the Plaintiff requested.

[2] The government claims the request was made on October 4, 2004.  However, the date of the request is immaterial.

relevant challenges within 45 days of the date of his notice.  On May 10, 2005, the Plaintiff sent a "declaration and administrative notice" to the IRS stating his challenges to the tax lien and levy.  Also on May 10th, the IRS issued a Notice of Determination ("Determination") ruling against the Plaintiff.  The Determination denied the Plaintiff's request for relief from the proposed levy action, and notified the Plaintiff that judicial review of the Determination could be had in the United States Tax Court.

The Plaintiff alleges error because the IRS did not consider the "declaration and administrative notice" he sent on May 10, 2005 containing his challenges to the levy action.  On May 16, 2005, the Plaintiff sent the IRS another "administrative notice" that he was giving the IRS until June 1, 2005 to consider his "declaration and administrative notice" of May 10, 2005 and issue a revised determination.  The IRS has not responded to the Plaintiff's administrative notices.

As a result, the Plaintiff filed a complaint with this Court alleging: (1) violation of 5 USC § 552a(g)(1)(C) for failure to maintain accurate records resulting in an adverse determination; (2) violation of 5 USC § 552a(d)(2)(A) and (B) for failure to amend allegedly inaccurate agency records; and (3) violation of 26 USC § 6330(b)(2) apparently for failure to hold a face-to-face hearing before issuing the Determination, and for not considering the materials sent by Plaintiff in its Determination.  The Plaintiff seeks: (1) a stay of collection proceedings until he is provided with the specific documents he requested; (2) damages of at least $1000.00; (3) to set aside the Determination; and (4) costs and attorney fees.

3

### III.   ARGUMENTS OF THE PARTIES

####   A.   Defendant's Motion to Dismiss

This Motion addresses only Count III of Plaintiff's Complaint, violation of 26 USC 6330(b)(2).  The government argues that this Court does not have subject matter jurisdiction to hear a claim involving review of the Determination.  The government contends the proper forum is the United States Tax Court.

The government relies on 26 USC § 6330(d).

> (1) Judicial review of determination. -- The person may, within 30 days of a determination under this section, appeal such determination--
> (A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or
> (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

26 USC § 6330(d).

Based upon its reading of the statute, the government concludes that the Tax Court has exclusive jurisdiction over the review of the Determination because it has jurisdiction of the underlying tax liability, namely the Plaintiff's income tax liability for 2001.

Further, the government notes in a footnote that the Plaintiff named the Commissioner of the IRS as well as three IRS employees, Martha Molnar, Diane Villa and Gail Minauro.  The government asserts that the United States is the only proper party.

The Plaintiff did not file a response to the government's Motion to Dismiss.

4

### B. Plaintiff's Motion to File an Amended Complaint

On August 24, 2005 the Plaintiff filed a motion requesting to file an amended complaint. The Plaintiff argues that he is entitled to be held to a less stringent standard because he is proceeding *pro se.* The Plaintiff describes errors in completing the civil cover sheet. He claims this is not a tax matter but a civil rights matter based on alleged procedural due process violations. Additionally, Plaintiff says he intended not to name the United States as a party, only the Commissioner of the IRS, and Martha Molnar, Diane Villa and Gail Minauro, employees of the IRS, in their individual capacities.

### C. Government's Response to Motion to File Amended Complaint

The government asserts the motion to file an amended complaint should be dismissed on several grounds. First, the motion should be dismissed because the Plaintiff failed to attach a proposed amended complaint to the motion. Second, it should be dismissed because the individuals cannot be sued in their individual capacities. Lastly, the government argues dismissal is proper because the Plaintiff failed to allege the proper parties and economic damages as required by 26 USC § 7433.

### D. Plaintiff's Reply

The Plaintiff first asserts that he is not seeking judicial review of the Determination letter. He claims he is seeking to have the Determination set aside because he did not receive a hearing, not because the Determination is incorrect. In addition, the Plaintiff argues he can bring an action against IRS employees in their individual capacities because although § 7433(a) states a taxpayer may bring an action against the United States, it does not explicitly prohibit the right to bring an action

5

against an individual.  Lastly, the Plaintiff claims he has alleged sufficient damages to proceed with his claim.

## IV.     APPLICABLE LAW AND ANALYSIS

### A.     Defendant's Motion to Dismiss

Although the Defendant's Motion is styled as a motion to dismiss Plaintiff's Complaint in its entirety, it only addresses the Court's subject matter jurisdiction with respect to Count III.  The Court finds that it does have subject matter jurisdiction to hear the Plaintiff's claims with the exception of Count III for violation of 26 USC § 6330(b)(2).

Pursuant to 26 USC § 6330(d)(1), judicial review of a determination is appropriate in the Tax Court, unless the Tax Court does not have jurisdiction of the underlying tax liability.  The underlying tax liability in this case is the Plaintiff's income tax for 2001, over which the Tax Court has jurisdiction.  *Martin v. Commissioner*, 756 F.2d 38, 40 (6th Cir. 1985).  Although the Plaintiff claims he is not seeking review of the Determination, he asserted that the Determination did not properly take into account his submission on May 10, 2005.  Review of the Determination is necessary to resolve the Plaintiff's claim.  Therefore, the Tax Court is the proper forum for review of the collection due process hearing determination.  Count III is dismissed.

The Court has subject matter jurisdiction over Plaintiff's claims arising under 5 USC § 552a.  The Plaintiff asserts the IRS failed to maintain accurate official records and failed to amend its official records.

> (g)(1) Civil remedies – Whenever any agency
> (A) makes a determination under subsection (d)(3) of this section not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection;

> (B) refuses to comply with an individual request under subsection (d)(1) of this section;
> (C) fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or
> (D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual,
> the individual may bring a civil action against the agency, and **the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.**

5 USC § 552a(g)(1)(emphasis added).

Based on the above authority, the Court **GRANTS** Defendant's Motion to Dismiss Count III, but **DENIES** the balance of the motion.

### B.     Plaintiff's Motion to File an Amended Complaint

The Plaintiff filed a motion to amend his complaint in order to bring civil rights claims against several IRS employees in their individual capacities. However, if the Plaintiff amends his complaint in this fashion, he will not be able to proceed.

As discussed above, the Plaintiff cannot bring his claim for review of the Determination in the district court. However, his remaining claims under 5 USC § 552a are properly in this Court, but only if asserted against the IRS. The individual IRS employees are not agencies within the meaning of 5 USC § 552a and are not subject to the civil penalties. Therefore, for the Plaintiff's action to proceed, the motion to amend the complaint must be **DENIED**. Further, the Court sua sponte **DISMISSES** Defendants Martha Molnar, Diane Villa and Gail Minauro; the only proper Defendant for the claims

asserted in Counts I and II is the IRS.

## V.      CONCLUSION

For the reasons stated above, the Court **DENIES** in part and **GRANTS** in part Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, **DENIES** Plaintiff's Motion to File an Amended Complaint and **DISMISSES** Defendants Martha Molnar, Diane Villa and Gail Minauro.

**IT IS SO ORDERED.**

                                                    **s/Victoria A. Roberts**
                                                    **Victoria A. Roberts**
                                                    **United States District Judge**

**Dated:  October 26, 2005**

> **The undersigned certifies that a copy of this document was served on the attorneys of record and Louis Daniel Swartz by electronic means or U.S. Mail on October 26, 2005.**
>
> **s/Linda Vertriest**
> **Deputy Clerk**