UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LOUIS DANIEL SWARTZ,**

        Plaintiff(s),      **CASE NUMBER: 05-72215**
                                    **HONORABLE VICTORIA A. ROBERTS**

v.

**INTERNAL REVENUE SERVICE,**

        Defendant(s).
_____/

## ORDER

This matter is before the Court on multiple motions: 1) Plaintiff's Motion for Reconsideration of Order 10/26/2005 Dismissing Count III, Dismissing Defendants Molnar, Villa, and Minauro, and Denying Plaintiff's Motion to File Amended Complaint; 2) Plaintiff's Motion for Findings and Conclusions; 3) Plaintiff's Motion for Extension of Time to File Notice of Appeal; and 4) Plaintiff's Motion for Declaratory & Injunctive Relief.  For the reasons stated below, the Court finds that each motion lacks merit.

Plaintiff's Motion for Reconsideration of the Court's October 26, 2005 Order is untimely.  Eastern District of Michigan Local Rule 7.1(g)(1) states that "[a] motion for rehearing or reconsideration must be filed within 10 days of entry of the judgment or order."  Plaintiff's time to request reconsideration of the October 2005 Order has, therefore, lapsed.  Plaintiff's Motion for Reconsideration is **DENIED**.

Plaintiff's Motion for Findings and Conclusions is also untimely.  Plaintiff asks the Court to affirm several assertions of law which he apparently contends are relevant to

his belief that the Court erred in its October 2005 Order.  Plaintiff's request is, therefore, considered to be a motion for reconsideration, which is untimely for the reason stated above.  Plaintiff's Motion for Findings and Conclusions is **DENIED**.

Plaintiff's Motion for Extension of Time to File Notice of Appeal is moot.  Under F.R.A.P. 4(1)(a), Plaintiff had 30 days to file a Notice of Appeal of the Court's May 18, 2006 Order dismissing his Amended Complaint.  Plaintiff filed the Notice of Appeal on June 19, 2006, which was timely since June 18, 2006 fell on a Sunday.  Therefore, there is no apparent need for the Court to grant Plaintiff an extension of time to file his Notice of Appeal.  Plaintiff's Motion for Extension of Time to File Notice of Appeal is deemed **MOOT**.

Plaintiff's Motion for Declaratory and Injunctive Relief lacks merit.  Plaintiff's motion is brought under FRCP 60(b)(2) and (3) and, therefore, is actually a request for relief from judgment.  Subsection (b)(2) allows a court to relieve a party from a final judgment or order if there is "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [FRCP] 59(b)."  Subsection (b)(3) allows relief from judgment due to "fraud . . ., misrepresentation, or other misconduct of an adverse party."

First, Plaintiff does not present "newly discovered evidence" that he could not have found with due diligence.  Rather, he simply asserts, and requests that the Court affirm, that the Department of Justice and the Defendant Internal Revenue Service ("IRS") have limited authority in various respects set forth by Plaintiff based upon various federal statutes.  To the extent that there is any merit to Plaintiff's assertions

2

(which the Court does not decide), he does not explain why he could not have made these arguments prior to this Court's entry of judgment against him, since each assertion is purportedly based upon statutes in effect well before the Court's ruling.

Second, Plaintiff does not present or even make reference to any evidence of fraud, misrepresentation or other misconduct by the IRS (or other Defendants dismissed by the Court). He only asserts that the IRS has limited authority based upon his interpretation of various statutes. Therefore, Plaintiff's Motion for Declaratory and Injunctive Relief is **DENIED**.

**IT IS SO ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 27, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on June 27, 2006.

S/Carol A. Pinegar
Deputy Clerk

3